### SIDMAN v. GREENE.

(Supreme Court, Appellate Term, First Department. December 28, 1915.)

1. LANDLORD AND TENANT ⬤⟞230—ACTION FOR RENT—BASIS OF RECOVERY.

Where plaintiff landlord sued defendant for rent as the assignee of the lease, who had assumed its obligations, he could not recover on any other theory, such as proof that defendant directly promised him to assume the obligations of the lease, and to answer for the default of the lessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 904–925; Dec. Dig. ⬤⟞230.]

2. LANDLORD AND TENANT ⬤⟞80½—ACTION FOR RENT—PRESUMPTION OF ASSIGNMENT.

Where a landlord sues a person in possession of his premises other than the lessee for rent, in the absence of any competent evidence showing that the defendant was in possession as a sublessee, a trespasser, or otherwise, the law will presume that the lease was assigned to him.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. ⬤⟞80½.]

3. LANDLORD AND TENANT ⬤⟞80½—ASSIGNMENT OF LEASE—SUFFICIENCY OF EVIDENCE.

In an action for rent, evidence *held* insufficient to show that the landlord agreed to accept defendant as assignee of a lease, in consideration of defendant's assuming all its obligations.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 231; Dec. Dig. ⬤⟞80½.]

Appeal from City Court of New York, Trial Term.

Action by Edgar N. Sidman against Samuel M. Greene. Judgment for plaintiff, and from it, and an order denying his motion for new trial, defendant appeals. Reversed, and new trial ordered.

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Fischer & Solomon, of New York City (William Solomon, of New York City, of counsel), for appellant.

Fletcher, McCutchen & Brown, of New York City (George H. Fletcher, and James H. Richards, both of New York City, of counsel), for respondent.

LEHMAN, J. [1] The plaintiff seeks to hold the defendant for rent under a lease originally made to the Olympic Waist Company. The complaint alleges that:

"The said Olympic Waist Company assigned all its interests in said lease and the unexpired term thereof to the defendant, who thereupon entered into possession of the said described premises, assumed the obligations of the said Olympic Waist Company under said lease," etc.

To prove these allegations the plaintiff produced as a witness his real estate agent. He testified that in the early part of April, 1914, he called on the Olympic Waist Company to collect some rent, and was then introduced to the defendant Samuel Greene:

"Samuel Greene told me from that date on that he has connected himself with the business, that he is a partner and was financially interested in it, and that he would pay me the rent that was due at the time, and would continue paying it until the expiration of the lease; and he also asked that we be lenient, and not demand the rent that was due then at once; that he would continue to pay in installments—that is, half a month at a time—that is on the 1st of this month and the latter part of the month, and then, as soon as he had the business straightened out (as he had quite a number of other bills to pay), that the rent would be paid until our lease expired."

There is absolutely no other direct evidence in the case that the lease was ever assigned to the defendant or that he assumed its obligations. Possibly this evidence would be sufficient to show a direct promise to the plaintiff to assume the obligations of the lease made with the Olympic Waist Company and to answer for the default of the lessee. Such a promise might, if made upon a new consideration beneficial to the promisor, be enforceable; but the plaintiff is not suing upon such a promise. He is, however, suing the defendant as the assignee of a lease, who has assumed the obligations of the lease, and upon the present pleadings he can recover upon no other theory.

[2] Possibly, too, this conversation would be sufficient to show an assumption of the obligations of the lease by the defendant, if the plaintiff can show that in fact the lease was assigned to the defendant. The conversation, however, does not show such an assignment; on the contrary, it shows that the defendant was claiming to be "interested" in the business of the Olympic Waist Company, and inferentially that the Olympic Waist Company was continuing as tenant. It is true, however, that the defendant's own testimony shows that he occupied the premises for his own benefit under some arrangement with the original tenant. The plaintiff claims that this testimony raises an inference that the lease was assigned to the defendant upon the well-established rule that, in the absence of any competent evidence showing that the defendant was in possession as a sublessee or a trespasser

or otherwise, the law will presume that the lease was assigned to him. The plaintiff, however, cannot in this case claim the benefit of the rule, for he successfully objected to the admission of evidence of the actual arrangement between the defendant and the Olympic Waist Company, and upon this appeal seeks to sustain the rulings upon the ground that:

"Any evidence of a private agreement between the Olympic Waist Company and the defendant was inadmissible as against the plaintiff, without connecting the plaintiff therewith."

[3] The theory upon which the case was tried, and upon which the plaintiff seeks to sustain the judgment, is that the plaintiff agreed, through his agent, in the conversation to which the agent testified, that he would accept the defendant as assignee of the lease, in consideration of the assignee assuming all its obligations; but the evidence does not sustain the theory.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.